UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GARY W. DEVOE, and wife, KIMBERLY P. DEVOE, | ) ) ) | | |
| Plaintiffs, | ) ) | | |
| v. | ) ) | No.: | 3:09-CV-291 (VARLAN/SHIRLEY) |
| NATIONWIDE TRUSTEE SERVICES, INC., PROMMIS SOLUTIONS, LLC, BENDUN ABSTRACT, INC, AMERICAN HOME MORTGAGE SERVICING, INC, SAND CANYON CORPORATION, and WELLS FARGO BANK, NATIONAL ASSOCIATION, | ) ) ) ) ) ) ) ) ) | | |
| Defendants. | ) | | |

## **MEMORANDUM OPINION**

This civil action is before the Court on Defendants American Home Mortgage Servicing, Inc. and Wells Fargo Bank, N.A., Trustee's Motion for Partial Summary Judgment [Doc. 60]. Plaintiff filed a response in opposition [Doc. 66], and defendants replied [Doc. 67]. For the reasons explained herein, the Court will grant the motion.

**I.    Background**

Although the allegations of the complaint are set forth in detail a previous memorandum opinion and order [Doc. 42], the Court outlines the following facts relevant to the pending motion for summary judgment.

Gary W. Devoe and Kimberly P. Devoe ("plaintiffs") executed a promissory note dated February 2, 2007, in the principal amount of $250,000 (the "Devoe Note") [Docs. 50-1, 60-1]. Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("Sand Canyon" or "Option One") was the original holder of the Devoe Note [*Id.*]. The Devoe Note is secured by certain real properly known as and located at 8125 Laurel Falls Lane, Knoxville, Tennessee pursuant to a deed of trust dated February 2, 2007, which was executed by plaintiffs (the "Deed of Trust" and together with the Devoe Note, the "Devoe Loan") [Doc. 60-1].

Wells Fargo Bank, N.A. ("Wells Fargo"), as Trustee for Certificate Holders of Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007 OPT1 (the "Trust"), Option One, and Financial Assets Securities Corp. are parties to a Pooling and Servicing Agreement dated April 1, 2007 (the "PSA") [*Id.*]. The closing date under the PSA is defined as May 15, 2007 [*Id.*]. Section 2.01 of the PSA provides that "[t]he Depositor, concurrently with the execution and delivery here, does hereby transfer, assign, set over and otherwise convey in trust to the Trustee without recourse for the benefit of the Certificate holders all the right, title and interest of the Depositor . . . each Mortgage Loan identified on the Mortgage Loan Schedule . . . ." [*Id.*]. The Devoe Loan is identified in the Mortgage Loan Schedule of the PSA [*Id.*].

Pursuant to the PSA, Option One executed an Allonge to the Devoe Note in blank as well as an Assignment of Deed of Trust in blank [*Id.*]. Wells Fargo received the Devoe Note and Allonge and has held such documents for the exclusive benefit of the Trust since May

2

15, 2007 [*Id.*]. Wells Fargo has certified that it has held the Trust's custodial files, including the Devoe custodial file, as custodian for the Trust [*Id.*]. The Devoe Loan has not been sold, transferred, or otherwise assigned by the Trust to any person or entity, and it remains the property of the Trust [*Id.*]. Subsequent to the closing of the Trust, Wells Fargo erroneously stamped the Allonge with another entity's name (Deutshe Bank), but discovered the error and crossed out the name to return the endorsement to an endorsement in blank [*Id.*].

The record is somewhat sparse concerning American Home Mortgage Servicing, Inc. ("American Home"). Plaintiffs assert that Wells Fargo is liable for the acts of American Home [Doc. 10], who, defendants maintain, is the servicer of the Devoe Loan [Doc. 61].

## II.    Analysis

In their motion, defendants American Home and Wells Fargo assert that plaintiffs' claim against them is that Wells Fargo does not own the Devoe Loan and therefore the attempt to foreclose by them was wrongful [Doc. 60]. Defendants assert that summary judgment is appropriate on plaintiffs' defamation claim against them because Wells Fargo is the holder and owner of the Devoe Loan and plaintiffs lack standing to dispute the validity of the assignment to Wells Fargo. Defendants also assert that summary judgment is appropriate with respect to plaintiffs' Fair Debt Collections Practices Act ("FDCPA") claim against Wells Fargo because Wells Fargo is not a debt collector under the FDCPA. Plaintiff filed a response in opposition, arguing that the documents cited by defendants fail to

3

evidence that the Devoe Loan was transferred to Wells Fargo or American Home and that it properly stated a FDCPA claim against Wells Fargo.[1]

### A. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002). "Once the moving party presents evidence sufficient to support a motion under Rule 56, the non-moving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp., Inc.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Catrett*, 477 U.S. at 317). To establish a genuine issue as to the existence of a

---

[1] Within plaintiffs' response is a Rule 56(d) request for discovery [Doc. 66-1]. "Plaintiffs assert that they are without sufficient information to prove or disprove the allegations of assignment as set forth in the Defendants' Motion for Partial Summary Judgment" [*Id*.]. They ask the Court to "either defer considering the Defendants' motion or deny it until the Plaintiffs have had sufficient time to complete discovery" [*Id*.]. The Court **DENIES** plaintiffs' request for failure to comply with Rule 56(d) as well as Rule 7(b). Plaintiffs have not submitted an affidavit that demonstrates "for specified reasons" why plaintiffs "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Moreover, the burden is on the party seeking additional discovery to demonstrate why such is necessary, and "[b]are allegations or vague assertions of the need for discovery are not enough." *Estate of Hickman v. Moore*, Nos. 3:09-CV-69, 3:09-CV-102, 2011 U.S. Dist. LEXIS 4206, at *30–31 (E.D. Tenn. Jan. 14, 2011) (citation omitted).

4

particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### B. Defamation of Title Claim

A defamation of title claim requires a plaintiff to prove "(1) that it has an interest in the property, (2) that the defendant published false statements about the title to the property, (3) that the defendant was acting maliciously, and (4) that the false statements proximately caused the plaintiff a pecuniary loss." *Brooks v. Lambert*, 15 S.W.3d 482, 484 (Tenn. Ct. App. 1999) (citations omitted). A plaintiff "must allege 'malice . . . in express terms or by any such showing of facts as would give rise to a reasonable inference that [the defendant acted malciously.]'" *Id.* (alterations in original) (quoting *Waterhouse v. McPheeters*, 145

5

S.W.2d 766, 767 (1940)). "A good faith, but erroneous, claim of title does not constitute a cause of action for libel of title." *Id.* (citing *Ezell v. Graves*, 807 S.W.2d 700, 704 (Tenn. Ct. App. 1990)).

Defendants' argument focuses on the third element. They assert that Wells Fargo had and continues to have a good faith belief that it is entitled to assert the original lender's rights under the loan documents. The Court agrees with defendants that Wells Fargo is entitled to enforce the Devoe Loan.

Under Tennessee law, a "person entitled to enforce" a note includes the "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47-3-309 or § 47-3-418(d)." Tenn. Code Ann. § 47-3-301. This "includes any other person who under applicable law is a successor to the holder or otherwise acquires the holder's rights." *Id.* cmt. 1. When a note is endorsed in blank without recourse, as here, it is payable to the bearer, Tenn. Code. Ann. § 47-3-205(b), and the bearer is entitled to enforce the note as the holder, Tenn. Code. Ann. §§ 47-1-201(21)(A), 47-3-301. Further, "[a]n instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." Tenn. Code Ann. § 47-3-203(a). "[W]hether or not the transfer is a negotiation, [the transfer] vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course . . . ." Tenn. Code Ann. § 47-3-203(b).

Here, the submitted evidence demonstrates the Devoe Loan was transferred to Wells Fargo. The Allonge to the Devoe Note was endorsed in blank and delivered to Wells Fargo. Also, the PSA and the Assignment of Deed of Trust evidence the assignment of the Devoe Note and Deed of Trust to Wells Fargo. Thus, under Tennessee law, Wells Fargo is the holder of the Devoe Loan and may enforce such.

Plaintiffs assert that Option One intended to endorse the Devoe Note to Deutche Bank, not Wells Fargo because a "Deutche Bank" endorsement was crossed out. Plaintiffs also assert Wells Fargo does not hold the Devoe Note or Deed of Trust because the originals have not been produced [Doc. 66-1]. Plaintiffs further state that defendants fail to include relevant portions of the PSA that indicate the Devoe Loan was transferred thereunder and that the Assignment of Deed of Trust does not identify any certain deed of trust and redacts relevant information.

The Court finds plaintiffs' counterpoints without merit. There is nothing to dispute the contention that Wells Fargo, not Option One, mistakenly inserted Deutche Bank's name on the Allonge and then crossed it out. Also, although originals may not have been produced, the Allonge and Deed of Trust were submitted to the Court and it appears that plaintiffs have been uncooperative in discovery. In addition, while the entirety of the PSA was not submitted, the Sohlberg affidavit asserts that the Devoe Loan is included on the Mortgage Loan Schedule, and plaintiffs have produced nothing to dispute this statement. Rather, plaintiffs cite only to inapplicable Tennessee law. Finally, the Assignment of Deed

7

of Trust includes information that relates to plaintiffs, even though portions may be blank or redacted.

The Court further finds plaintiffs lack standing to challenge the validity of the transfer of the loan documents as they are the obligors. Indeed, plaintiffs agreed pursuant to the Deed of Trust that "[t]he Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower" [Doc. 60-1]. *See*, *e.g.*, *Gallant v. Deutsche Bank Nat'l Trust Co.*, 766 F. Supp. 2d 714, 721 (W.D. Va. 2011) (finding similar language precluded plaintiff from challenging transferability of note); *Jackson v. Moskovitz Agency, Inc.*, 672 S.W.2d 400, 403 (Tenn. 1984) (contract rights are freely assignable); *see also Liu v. T & H Mach., Inc.*, 191 F.3d 790, 797–98 (7th Cir. 1999) (finding that a manufacturer lacked standing to challenge the reassignment from a broker's associates back to the broker of a chose of action to recover unpaid commissions from the manufacturer); *Nicolls Pointing Coulson, Ltd. v. Transp. Underwriters of La., Inc.*, 777 F. Supp. 493, 496 (E.D. La. 1991) ("It is true that a debtor cannot challenge an assignment of a debt by a creditor unless he can show he is prejudiced by the assignment." (citations omitted)). Also, the fact that the Deed of Trust requires notice of a change in the loan servicer and that plaintiffs may not have received such notice is not relevant to the issues presented.

In sum, the Court finds Wells Fargo was not acting maliciously in attempting to foreclose on plaintiffs' property because it was entitled to enforce the Devoe Loan as the

8

holder and owner of the loan. Plaintiffs also have not asserted that they were not in default. Summary judgment is therefore appropriate.

## C. Fair Debt Collection Practices Act Claim

Defendants argue that Wells Fargo cannot be liable under the FDCPA because the FDCPA imposes liability only on a debt collector, and Wells Fargo is not a debt collector and cannot be vicariously liable for the acts of a hired debt collector. The Court agrees.

The FDCPA distinguishes between the term "creditor" and "debt collector." A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed" while the term "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(4), (6). It is "well-settled" generally that "a creditor is not a debt collector for the purposes of FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 735 (6th Cir. 2007) (quoting *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003)). Additionally, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F)(iii). In other words, the term "debt collector" does not include "the consumer's creditors . . . or an assignee of a debt, as long as the debt was not in default at the time it was assigned."

9

*Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (alteration in original) (citations omitted). Here, the Court has determined that Wells Fargo owns and holds the Devoe Loan, and has since May 15, 2007. There also is no indication that plaintiffs were in default at that time. Thus, summary judgment is appropriate on plaintiff's FDCPA claim against Wells Fargo.

### III. Conclusion

For the reasons set forth herein, Defendants American Home Mortgage Servicing, Inc. and Wells Fargo Bank, N.A., Trustee's Motion for Partial Summary Judgment [Doc. 60] will be **GRANTED**, and plaintiffs' defamation of title claim against American Home and Wells Fargo and plaintiffs' FDCPA claim against Wells Fargo will be **DISMISSED**. The case will proceed to trial on plaintiffs' remaining claims.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE